# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TERRANCE LEDERR LAVOLL,

    Petitioner,

vs.

BRIAN E. WILLIAMS, SR., *et al.*,

    Respondents.

Case No. 2:15-cv-00464-JCM-GWF

**ORDER**

    Pursuant to this court's order, petitioner Terrance Lederr Lavoll Hager has paid the filing fee for this habeas corpus action (*see* ECF #6). The court has attempted to review the petition pursuant to Habeas Rule 4. However, while petitioner used the caption page of the court-required form for a 28 U.S.C. § 2254 petition, he then simply attached more than three hundred pages of state-court filings, without identifying the grounds he wishes to assert in this court in any way. This is insufficient to commence a habeas action.

    Moreover, this court's docket reflects that petitioner has previously filed a federal habeas petition challenging this same judgment of conviction, C144545. 28 U.S.C. § 2244(3)(A) provides: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Where a petition has been dismissed with prejudice as untimely or because of procedural default, the dismissal constitutes a disposition on the merits and renders a subsequent

petition second or successive for purposes of 28 U.S.C. § 2244. *McNabb v. Yates*, 576 F.3d 1028, 1029-1030 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).

On November 30, 2010, the habeas petition in case no. 2:08-cv-00011-PMP-GWF was denied on the merits, and judgment was entered on December 1, 2010 (2:08-cv-00011-PMP-GWF, ECF #s 42, 43). The instant petition is, therefore, a successive petition, which requires petitioner to seek and obtain leave of the Ninth Circuit Court of Appeals to pursue. *See* 28 U.S.C. § 2244(b)(3) et seq.

The petitioner has not presented this court with proof that he has obtained leave to file a successive petition from the Court of Appeals. Accordingly, petitioner has thirty (30) days from the date of entry of this order to show cause and file such proof as he has to demonstrate that he has obtained the leave of the Ninth Circuit to pursue this petition.

If petitioner files such proof that he has, in fact, obtained leave to file a second and successive petition, he shall file an amended petition at the same time he files such proof. The amended petition must be on the court's form, it must set forth each ground for relief as well as briefly and specifically describe the factual allegations that support each ground for relief, and it must be signed by petitioner. Petitioner shall not simply attach state-court pleadings with no further explanation of what grounds he seeks to assert.[1]

**IT IS THEREFORE ORDERED** that petitioner shall have **thirty (30) days** from the entry of this order to show cause and file such proof he may have to demonstrate that he has obtained the leave of the Ninth Circuit Court of Appeals to pursue this petition.

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that he has obtained such leave, the court will enter an order dismissing the petition.

**IT IS FURTHER ORDERED** that if petitioner is able to demonstrate that he has obtained such leave, together with such proof, he **SHALL FILE** an amended petition in conformance with this order.

---

[1] The court notes that if respondents are ultimately served with an amended petition in this action, they will file all requisite state-court records.

**IT IS FURTHER ORDERED** that if petitioner (upon filing proof of leave to file a successive petition) fails to file an amended petition, this action shall be dismissed as improperly commenced.

**IT IS FURTHER ORDERED** that the Clerk shall send petitioner two copies of a noncapital Section 2254 habeas petition form.

Dated June 10, 2015.

_____
UNITED STATES DISTRICT JUDGE